CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 04 2017

JULIA C. DUDLEY, CLERK
BY: /s/
    DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

**JOSEPH FLEMING,**
  **Plaintiff**

**V.**          Civil Action No. 7:16-cv-00410

**HAROLD W. CLARKE, et al,**
  **Defendant(s)**

### REQUEST FOR ADMISSIONS FROM DEFENDANT JOHN WALRATH

Comes now the Plaintiff, Joseph Fleming, *pro per*, pursuant to Federal Rules of Civil Procedure, Rule 26(B)(iv) and Rule 36, and respectfully requests Defendant John Walrath to admit or deny the truth of the following statements, or object to answering and state the grounds for the objection. Pursuant to Rule 36(3):

> "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."

Furthermore, Rule 36(4) states,

> "If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the

information it knows or can readily obtain is insufficient to enable it to admit or deny."

Finally, Rule 36(5) states:

"The grounds for objecting to a request must be stated. A party must not object solely on the ground that the request presents a genuine issue for trial."

**WHEREFORE**, Plaintiff Joseph Fleming respectfully requests Defendant John Walrath to admit or deny the truth of the following statements or object to answering and state the grounds for the objection:

## ADMISSIONS OF DEFENDANT JOHN WALRATH

1. You are Defendant John Walrath (hereinafter "Walrath") named in the above captioned matter.

2. Walrath was employed as Warden of the River North Correctional Center (hereinafter "RNCC") at 329 Dell Brook Lane, Independence, VA 24348 during November and December of 2015.

3. Walrath was the person responsible for implementing the policies and procedures governing the daily operations of RNCC during November and December of 2015.

4. Walrath was the person responsible for training the security officers at RNCC during November and December of 2015.

5. Walrath was the person responsible for implementing the policy and procedures governing the use of metal detectors at RNCC during November and December of 2015.

6. Walrath's responsibilities as Warden include instructing security officers on the security procedures utilized at Unit A, including but not limited to, the upright, standing metal detector located in the entrance hallway of Building A.

7. Walrath did not at any time prior to November 30, 2015, inform or instruct security staff on the proper procedure when an inmate in a wheelchair is to walk through or "clear" the upright, standing metal detector located in the entrance hallway of Building A.

8. Walrath was responsible for the custody and care of prisoners assigned to RNCC during November and December of 2015.

9. Walrath did not meet with Plaintiff Joseph Fleming (hereinafter "Fleming") when Fleming arrived at RNCC on or about November 16, 2015.

10. Walrath was made aware of the fact that Fleming is confined to a wheelchair.

11. Walrath was made aware of the fact stated in number 10 above before Fleming was transferred to RNCC.

12. Walrath did not conduct any type of orientation for or with Fleming at any time, including the time of Fleming's arrival at RNCC.

13. Walrath did not at any time explain to Fleming that metal detectors are used at RNCC.

14. Walrath did not at any time explain to Fleming that Fleming would be required to stand and walk through a metal detector while Fleming is incarcerated at RNCC.

15. Walrath did not at any time prior to November 30, 2015, inform Fleming that Fleming qualified for a waiver exempting Fleming from being required to stand and walk through a metal detector.

16. Walrath did not designate any staff member to be responsible for informing Fleming upon his arrival that metal detectors are used at RNCC.

17. Walrath did not designate any staff member to be responsible for informing Fleming upon his arrival that Fleming qualified for a waiver exempting him from being required to stand and walk through a metal detector.

This hereby ends the requested admissions for Defendant John Walrath, Warden.

_____
Joseph Fleming, Plaintiff, *Pro Per*
#1171616
RNCC
329 Dell Brook Lane
Independence, VA 24348

## CERTIFICATE OF SERVICE

I hereby declare under penalty of perjury that I mailed the foregoing Request for Admissions from Defendant John Walrath to his counsel of record, Richard C. Vorhis, Assistant Attorney General, 202 North Ninth Street, Richmond, VA 23219 and to Jeff Rosen, Counsel of Record for Robin Crawford, at 222 Central Park Avenue, Suite 400, Virginia Beach, VA 23462 on this _27th_ Day of December, 2016.

_____
Joseph Fleming, Plaintiff, *Pro Per*