CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

AUG 21 2018

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JOSEPH FLEMING, | ) | Civil Action No. 7:16-cv-00410 |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| HAROLD W. CLARKE, et al., | ) | By:  Hon. Jackson L. Kiser |
|    Defendants. | ) |       Senior United States District Judge |

Joseph Fleming, a Virginia inmate proceeding pro se, commenced this action against the Virginia Department of Corrections ("VDOC"), Nurse Parks, Nurse Crawford, and other staff of the VDOC and River North Correctional Center ("RNCC"). Presently pending are Nurse Parks' and Nurse Crawford's motions for summary judgment, to which Plaintiff replied and did not supplement after discovery. After reviewing the record, I grant Nurse Parks' and Nurse Crawford's motions for summary judgment and order a trial on the remaining claims.[1]

### I.

Plaintiff claims that he was injured when a correctional officer made him walk through a metal detector in accordance with prison security policy despite Plaintiff's disability and physical frailty. Plaintiff faults Nurse Parks and Nurse Crawford for not telling him about the prison's screenings with metal detectors and for not issuing him a medical waiver for that requirement.

As part of her job duties, Nurse Parks conducted Plaintiff's initial medical screening when he arrived at RNCC on November 16, 2015. Nurse Parks noted in the "Current Medical/Dental Problems" section of the "Intra-system Transfer Medical Review" form that Plaintiff used a

---

[1] By Memorandum Opinion and Order entered on January 30, 2018, I awarded summary judgment to all other defendants but both nurses and Correctional Officers Lundy and Dean. I held that material disputes of facts required trial to resolve Eighth Amendment, gross negligence, and willful and wonton negligence claims against Lundy and Dean, but trial would not be scheduled until resolving the claims against the nurses.

wheelchair and a cane. Nurse Parks informed Plaintiff that, per RNCC regulations, he had to choose either a wheelchair or a cane. Plaintiff opted for the wheelchair because, although he could ambulate short distances, he needed a wheelchair to move longer distances. Nurse Parks did not discuss medical waivers for walking through metal detectors because Plaintiff did not ask about the waiver and indicated he could ambulate short distances.

Nurse Crawford's first interaction with Plaintiff occurred immediately before a medical appointment on December 3, 2015. As part of her job duties, Nurse Crawford measured Plaintiff's vital signs and noted his complaints of pain and request for a waiver for the metal detectors. The doctor approved the waiver, and Nurse Crawford noted the waiver in Plaintiff's medical file that same day.

## II.

A party is entitled to summary judgment if the pleadings, the disclosed materials on file, and any affidavits show that there is no genuine dispute as to any material fact. Fed. R. Civ. P. 56(a). Material facts are those necessary to establish the elements of a party's cause of action. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine dispute of material fact exists if, in viewing admissible evidence and all reasonable inferences drawn therefrom in a light most favorable to the non-moving party, a reasonable fact-finder could return a verdict for the non-movant. Id. The moving party has the burden of showing – "that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If the movant satisfies this burden, then the non-movant must set forth specific facts that demonstrate the existence of a genuine dispute of fact for trial. Id. at 322-24. A party is entitled to summary judgment if the admissible evidence as a whole could not

lead a rational trier of fact to find in favor of the non-movant. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). "Mere unsupported speculation . . . is not enough to defeat a summary judgment motion." Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc., 53 F.3d 55, 62 (4th Cir. 1995). A plaintiff cannot use a response to a motion for summary judgment to amend or correct a complaint challenged by the motion for summary judgment. Cloaninger v. McDevitt, 555 F.3d 324, 336 (4th Cir. 2009).

### III.
### A.

Plaintiff asserts that Nurse Crawford inflicted cruel and unusual punishment in violation of the Eighth Amendment. A plaintiff must show that a defendant acted with deliberate indifference to a serious medical need to state such a claim. West v. Atkins, 487 U.S. 42, 48 (1988); Estelle v. Gamble, 429 U.S. 97, 104 (1976); Conner v. Donnelly, 42 F.3d 220, 222 (4th Cir. 1994). Deliberate indifference requires a state actor to have been personally aware of facts indicating a substantial risk of serious harm, and the actor must have actually recognized the existence of such a risk. Farmer v. Brennan, 511 U.S. 825, 838 (1994). "Deliberate indifference may be demonstrated by either actual intent or reckless disregard." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990); see Parrish ex rel. Lee v. Cleveland, 372 F.3d 294, 303 (4th Cir. 2004) ("[T]he evidence must show that the official in question subjectively recognized that his actions were 'inappropriate in light of that risk.'"). "A defendant acts recklessly by disregarding a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position." Miltier, 896 F.2d at 851-52. A health care provider may be deliberately indifferent when the treatment provided is so grossly incompetent, inadequate, or excessive as to shock the conscience or is intolerable to fundamental fairness. Id. at 851. A

3

serious medical need is a condition that "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008).

Nurse Crawford is entitled to summary judgment for the Eighth Amendment claim. No admissible evidence in the record supports an inference that Nurse Crawford knew of a serious risk of harm, disregarded that risk, or caused Plaintiff harm. Nurse Crawford first saw Plaintiff on December 3, 2015, immediately before Plaintiff's appointment with the doctor at RNCC. Consistent with her responsibilities, Nurse Crawford measured Plaintiff's vital signs and documented his complaint and request for a medical waiver. Although Nurse Crawford could not have authorized the waiver, she did facilitate the request and recorded its approval. Plaintiff's disagreement with medical personnel about a course of treatment does not state a § 1983 claim. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (per curiam). Accordingly, Nurse Crawford's motion for summary judgment is granted for the Eighth Amendment claim.

### B.

Plaintiff alleges that Nurse Parks' and Nurse Crawford's alleged failures to advise him of the metal detector requirement or to provide a waiver of that requirement constitutes simple negligence. I find that Nurse Parks and Nurse Crawford are entitled to sovereign immunity for these claims.

Four factors determine whether Nurse Parks and Nurse Crawford are entitled to sovereign immunity for simple negligence while employees of the Commonwealth of Virginia. See, e.g., James v. Jane, 221 Va. 43, 53, 282 S.E.2d 864, 869 (1980); see also Weichert Co. v. First

Commercial Bank, 246 Va. 108, 109, 431 S.E.2d 308, 309 (1993) (discussing burden). The factors are: (1) the function that the employee was performing at the time of the alleged negligence; (2) the extent of the state's interest and involvement in that function; (3) the degree of control and direction exercised by the state over the employee; and (4) whether the act performed involved the use of judgment and discretion. Whitley v. Commonwealth, 260 Va. 482, 493, 538 S.E.2d 296, 301 (2000).

The undisputed admissible evidence demonstrates that Nurse Parks and Nurse Crawford were employees of the Commonwealth of Virginia performing their duties as nurses for the VDOC. The state's interest and involvement in the medical care of the convicts in its care is irrefutable, and the state exercised great control over whom the nurses treated and the duties and treatments allowed. Nurse Parks' duties included screening arriving inmates, discussing the inmate's medical concerns and conditions, documenting the pertinent medical history and complaints for transmittal to a doctor, and determining whether medical conditions prevent an inmate from being housed at the prison. Nurse Crawford's pertinent duties included the initial assessment of inmates' health immediately before a medical appointment and informing the doctor of pertinent medical observations. The relevant medical functions of both Nurse Parks and Nurse Crawford consisted of discretionary acts, requiring making multiple, professional judgments about Plaintiff's evaluation and treatment. See id. (applying sovereign immunity to simple negligence claims against VDOC nurses involving medical care to an inmate). Accordingly, Nurse Parks and Nurse Crawford are entitled to sovereign immunity and summary judgment for the simple negligence claims.

## C.

Plaintiff argues that Nurse Crawford should be liable for gross negligence. See, e.g., Frazier v. City of Norfolk, 234 Va. 388, 393, 362 S.E.2d 688, 691 (1987) (noting gross negligence means an absence of slight diligence or of even scant care). When a defendant exercises "some degree" of care for the safety of others, a claim of gross negligence cannot succeed. Colby v. Boyden, 241 Va. 125, 133, 400 S.E.2d 184, 189 (1991). The undisputed record evinces that Nurse Crawford exercised, at minimum, slight diligence or scant care. Nurse Crawford performed the medical screening before Plaintiff's appointment, referred Plaintiff's pertinent complaints to the doctor, and noted the approved waiver in the medical record. Accordingly, Nurse Crawford is entitled to summary judgment for the gross negligence claim.

## IV.

For the foregoing reasons, I grant Nurse Parks' and Nurse Crawford's motions for summary judgment. The remaining Eighth Amendment, gross negligence, and willful and wonton negligence claims against Correctional Officers Lundy and Dean shall be assigned to another district judge of this court for a jury trial in the Roanoke Division.

ENTER: This 31st day of August, 2018.

*Jackson L. Kiser*
Senior United States District Judge